UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BILLY CHAD GIBSON,

     Plaintiff,

v.                                                                    Case No. 3:17cv77-MCR-CJK

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

     Defendants.

_____/

## ORDER and
## REPORT AND RECOMMENDATION

This matter is before the court on the defendants' motions to dismiss the amended complaint (docs. 9, 10, 12) and plaintiff's response in opposition (doc. 19). The matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). After reviewing the parties' submissions, the undersigned recommends the motions to dismiss be granted because plaintiff failed to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff, proceeding *pro se*, has filed a civil rights action against 13 defendants: (1) the Florida Department of Corrections ("FDOC"); (2) Michael Crews, the former Secretary of the FDOC; (3) Richard Comerford, the former

warden of Santa Rosa Correctional Institution ("SRCI"); (4) John Kolodziej, a colonel at SRCI; (5) Randy Anglin, a senior inspector at SRCI; (6) Tammy Edwards, an employee of the FDOC's personnel department; (7) William C. Shaner, a captain at SRCI; (8) Cynthia Courtney, an assistant warden at SRCI; (9) Michael Booker, an assistant warden at SRCI; (10) Herbert Foskey, a major at SRCI; (11) Patricia Lightsey, an FDOC human resources employee; (12) Kenneth Sumpter, an employee at the FDOC's Inspector General's Office; and (13) James Coker, the current warden of SRCI. The amended complaint sets forth the factual allegations that follow.

Plaintiff previously worked as a correctional officer with the FDOC. On February 13, 2014, prosecutors charged plaintiff with multiple crimes involving sexual activity with a minor. Plaintiff pleaded not guilty to the charges and, on February 14, 2014, the FDOC terminated him. The FDOC terminated plaintiff without investigating the allegations or providing him with an opportunity to be heard. Plaintiff was found not guilty of the criminal charges on June 2, 2016.

Based on the foregoing, plaintiff claims the defendants are liable for: (1) retaliatory discharge under the False Claims Act; (2) wrongful termination under the Alaska civil rights law, A.S. § 18.80.220; (3) wrongful termination under Florida law; (4) violations of Title VII of the Civil Rights Act of 1964; and (5) a due process violation under the Fourteenth Amendment. As relief, he seeks a declaratory judgment, back pay, compensatory damages, punitive damages, and reinstatement.

LEGAL STANDARD

In considering a motion to dismiss for failure to state a claim, the court reads plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), accepts all factual allegations in the complaint as true, and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *See Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994). A few exceptions exist to this rule, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure § 1357 (2008). Further, only well-pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)) (noting courts "are not bound to accept as true a legal conclusion couched as a factual allegation"); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth).

As the Supreme Court reiterated in *Iqbal*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." 556 U.S. at 678. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555, or, "nudge[] the[] claim[] across the line from conceivable to plausible[.]" *Id.* at 570.

## DISCUSSION

Defendants moved to dismiss the amended complaint, arguing: (1) plaintiff failed to serve the summons within 90 days as required by Fed. R. Civ. P. 4(m); (2) plaintiff failed to provide a short and plain statement of his claim as required by Fed. R. Civ. P. 8(a); and (3) plaintiff's causes of action "either do not meet the requisite elements of the law relied on by Plaintiff or lack a discernible legal basis." (Doc. 9, p. 5). As explained below, because the amended complaint fails to state a claim upon which can be granted, the other proffered arguments for dismissal need not be addressed.

<u>False Claims Act</u>

Plaintiff alleges his termination constituted a retaliatory discharge violating the False Claims Act ("FCA"). Such a suggestion is meritless. The FCA focuses on frauds perpetrated upon the federal government. *See United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1307-08 (11th Cir. 2002) (discussing recovery under the False Claims Act); *United States ex rel. Lesinski v. S. Fla. Water Mgmt. Dist.*, 739 F.3d 598, 600 (11th Cir. 2014) ("The FCA is designed to protect the Government from fraud by imposing civil liability and penalties upon those who seek federal funds under false pretenses."). The FCA's anti-retaliation clause "prohibits an employer from discharging an employee because he engaged in 'whistleblowing.'" *Reynolds v. Winn-Dixie Raleigh, Inc.*, 85 F. Supp. 3d 1365, 1374 (M.D. Ga. 2015) (*citing* 31 U.S.C. § 3730(h)(1)); *see also United States ex rel. Sanchez v. Lymphatx, Inc.*, 596 F.3d 1300, 1304 (11th Cir. 2010) ("If an employee's actions, as alleged in the complaint, are sufficient to support a reasonable conclusion that the employer could have feared being reported to the government for fraud or sued in a *qui tam* action by the employee, then the complaint states a claim for retaliatory discharge under § 3730(h)."). Plaintiff alleges he was terminated due to criminal charges, not because of his potential to report fraud. Thus, he cannot state a claim for retaliation under the FCA.

<u>Alaska Statutes</u>

Plaintiff claims he was wrongfully terminated in violation of "AS 18.80.220," an Alaskan statute describing unlawful employment practices. Alaskan law, however, does not apply to plaintiff's allegations, which occurred in Florida. Plaintiff, therefore, cannot state a claim under Alaska Stat. § 18.80.220.

<u>Title VII of the Civil Rights Act of 1964</u>

Plaintiff alleges his termination constituted discrimination and retaliation under Title VII of the Civil Rights Act of 1964. "[A] person who wants to file a lawsuit under Title VII must first file a charge with the Equal Employment Opportunity Commission alleging a Title VII violation and exhaust all remedies provided by the EEOC. If the conciliation efforts are unsuccessful, the EEOC will inform the parties and issue a letter authorizing the complainant to file a Title VII suit." *Virgo v. Riviera Beach Assocs., Ltd.*, 30 F.3d 1350, 1358 (11th Cir. 1994).

Plaintiff asserts in conclusory fashion that he exhausted all administrative remedies. Defendants, however, submitted the declaration of Patricia Linn, a human resources employee with the FDOC. (Doc. 9-7). Ms. Linn states, "[b]ased on a diligent search of the records kept in the ordinary course of business by the Bureau of Personnel, DOC has not received a Notice of Charge of Discrimination which names Billy Gibson as the complainant and which names either DOC or any current or former DOC employee as the subject." (Doc. 9-7, p. 2). In response to the

motions to dismiss, plaintiff did not address the evidence indicating he failed to file a charge of discrimination with the EEOC. *See Bloodworth v. Colvin*, 17 F. Supp. 3d 1245, 1253 (N.D. Ga. 2014) ("The plaintiff . . . bears the burden of proof when the defendant particularly denies that the conditions precedent to suit have been satisfied.").

Even assuming plaintiff exhausted his administrative remedies, he cannot state a Title VII claim. Title VII makes it unlawful for an employer "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In addition, "an employer may not retaliate against an employee because the employee 'has opposed any practice made an unlawful employment practice by [Title VII]' . . . [or] because the employee 'has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'" *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1174 (11th Cir. 2000) (*quoting* 42 U.S.C. § 2000e-3(a)).

Here, plaintiff does not allege facts suggesting defendants terminated or discriminated against him based on his "race, color, religion, sex, or national origin." Instead, he claims defendants terminated him because he was charged with engaging in sexual activity with a minor. Such allegations do not implicate the anti-

discrimination provisions of Title VII.[1]  Furthermore, he cannot state a retaliation claim because he does not allege he opposed a practice made unlawful by Title VII or participated in a Title VII investigation.  The Title VII claims, therefore, should be dismissed.

<u>Due Process</u>

Plaintiff alleges defendants violated his due process rights by terminating him without conducting an investigation or providing him with an opportunity to be heard.  The Due Process Clause of the Fourteenth Amendment provides that no state "shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend XIV, § 1.  "[A] § 1983 claim alleging a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process."[2]  *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003) (*citing Cryder v. Oxendine*, 24 F.3d 175, 177 (11th Cir. 1994)).

---

[1] Plaintiff mentions the phrase "hostile and abusive working environment," but he has not alleged facts indicating the FDOC subjected him to an abusive work environment.  *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) ("A hostile work environment claim under Title VII is established upon proof that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.") (quotation and citation omitted).

[2] Plaintiff cannot allege a violation of substantive due process based on his termination.  *See Bussinger v. City of New Smyrna Beach, Fla.*, 50 F.3d 922, 925 (11th Cir. 1995) ("[A]n employee with a protected interest in his job may not maintain a substantive due process claim arising out of his termination[.]").

Assuming state actors deprived plaintiff of a constitutionally-protected property interest, he still cannot state a procedural due process claim. Under Fla. Stat. § 110.227(5)(a), a career service employee, such as plaintiff, "subject to . . . dismissal shall receive written notice of such action at least 10 days prior to the date such action is to be taken. Subsequent to such notice, and prior to the date the action is to be taken, the affected employee shall be given an opportunity to appear before the agency or official taking the action to answer orally and in writing the charges against him or her." Career service employees may also be dismissed in extraordinary situations "without 10 days' prior notice, provided that written or oral notice of such action, evidence of the reasons therefor, and an opportunity to rebut the charges are furnished to the employee prior to such dismissal or suspension." Fla. Stat. § 110.227(5)(b).

Defendants maintain plaintiff's arrest qualified as an extraordinary situation justifying plaintiff's immediate termination because "retaining a correctional officer arrested for a sex crime would be detrimental to the best interest of the state." (Doc. 9, p. 14). According to plaintiff, however, the defendants either negligently or intentionally failed to comply with the portion of § 110.227(5)(b) that affords career service employees an opportunity to rebut the charges before dismissal.

Regardless, the defendants' failure to comply with § 110.227(5)(b) does not violate plaintiff's procedural due process rights. *See Harris v. Birmingham Bd. of*

*Educ.*, 817 F.2d 1525, 1528 (11th Cir. 1987) ("[T]he violation of a state statute outlining procedure does not necessarily equate to a due process violation under the federal constitution."). "[P]rocedural due process violations do not become complete 'unless and until the state refuses to provide due process.'" *McKinney v. Pate*, 20 F.3d 1550, 1562 (11th Cir. 1994) (*quoting Zinermon v. Burch*, 494 U.S. 113, 123 (1990)). "In other words, the state may cure a procedural deprivation by providing a later procedural remedy; only when the state refuses to provide a process sufficient to remedy the procedural deprivation does a constitutional violation actionable under section 1983 arise." *Id.* at 1557; *see also Cotton v. Jackson*, 216 F.3d 1328, 1331 n.2 (11th Cir. 2000) ("[P]rocedural due process violations do not even exist unless no adequate state remedies are available."). Thus, even if plaintiff suffered a procedural deprivation by his initial termination, he did not suffer a violation of his procedural due process rights unless and until the State of Florida refused to make available a means to remedy the deprivation. *Cf. McKinney*, 20 F.3d at 1563 ("[E]ven if [plaintiff] suffered a procedural *deprivation* at the hands of a biased Board at his termination hearing, he has not suffered a *violation* of his procedural due process rights unless and until the State of Florida refuses to make available a means to remedy the deprivation.").

Florida provides such remedies. Career service employees may appeal extraordinary terminations to the Public Employees Relation Commission

("PERC").  *See* Fla. Stat. § 110.227(5)(b).  If an employee appeals, PERC "must conduct a hearing within 60 calendar days following the filing of a notice of appeal" to determine if the agency's action was supported by cause.[3]  *Id.* at § 110.227(6).  "If the commission finds that cause did not exist for the agency action, the commission shall reverse the decision of the agency head and the employee shall be reinstated with or without back pay."  *Id.* at § 110.227(6)(c).  Florida law also provides that PERC's decisions may be reviewed by a district court of appeal.  *See id.* at §110.227(6)(e); § 447.504; *see also Autery v. Davis*, 355 F. App'x 253, 255 (11th Cir. 2009) (*citing McKinney*, 20 F.3d at 1563) ("[S]tate-court review of employment termination decisions qualifies as an adequate post-deprivation remedy.").

Plaintiff does not allege he attempted to challenge the FDOC's decision to terminate him.  But plaintiff's failure to utilize available state remedies does not demonstrate those remedies were inadequate.  *See Kremer v. Chem. Constr. Corp.*, 456 U.S. 461, 485 (1982) ("The fact that [plaintiff] failed to avail himself of the full procedures provided by state law [i.e., the post-termination remedies] does not constitute a sign of their inadequacy.").  Thus, plaintiff cannot state a claim for denial of procedural due process because the available state procedures were adequate to

---

[3] Extensions of time for the hearing may be granted in some circumstances.  *See* Fla. Stat. 110.227(6)(a) ("No extension of time for the hearing may exceed 30 calendar days, absent exceptional circumstances, and no extension of time may be granted without the consent of all parties.")

remedy any procedural deficiency in the initial termination. *See Schwarz v. Tomlinson*, No. 2:13cv562-FtM–29UAM, 2014 WL 4092811 (M.D. Fla.) (holding FDOC employee terminated without opportunity to be heard could not state due process claim because state offered adequate post-deprivation remedy).

Florida Statutes

Plaintiff alleges defendants terminated him in violation of Florida law. Plaintiff, however, cannot bring an independent state-law claim based on the FDOC's failure to follow the provisions of § 110.227(5)(a). "Section 110.227 establishes no private right of action. Instead, state employees who believe that the state failed to follow the procedure in Section 110.227 must appeal to the Public Employees Relations Commission." *Graham v. Sarasota Cty. Sheriff's Office*, No. 8:12cv635-T-23MAP, 2013 WL 1748052 at *3 (M.D. Fla. Apr. 23, 2013) (*citing* Fla. Stat. § 110.227(5)(a)); *accord King v. Florida*, 650 F. Supp. 2d 1157, 1166 (N.D. Fla. 2009) (noting Fla. Stat. § 110.227 does not create a private cause of action and "employees who believe that the procedures in this statute have not been followed properly are directed to file an appeal with PERC"). In sum, plaintiff has failed to state a viable claim based on his termination as an employee of the FDOC.

Accordingly, it is ORDERED:

1.    Defendants' Motion for Leave to Allow Assistant Attorney General Elmer C. Ignacio to Withdraw as Counsel (doc. 20) is GRANTED.

And it is respectfully RECOMMENDED:

1.      That defendants' motions to dismiss the amended complaint (docs. 9, 10, 12) be GRANTED, and plaintiff's claims be DISMISSED.

2.      That the clerk be directed to close the file.

At Pensacola, Florida, this 22nd day of August, 2018.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**


<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.  A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.